O

# United States District Court
# Central District of California

CHRIS LANGER,

        Plaintiff,

    v.

314 NORTH BRAND BOULEVARD, LLC; and DOES 1-10,

        Defendants.

Case № 2:20-CV-05047-ODW (RAOx)

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT [18]**

## I.  INTRODUCTION

Plaintiff Chris Langer ("Langer") moves for entry of default judgment against Defendant 314 North Brand Boulevard, LLC ("Defendant). (*See* Mot. for Default J. ("Motion" or "Mot.") 3, ECF No. 18.)  For the reasons discussed below, the Court **DENIES** Langer's Motion.[1]

## II.  BACKGROUND

Langer requires a wheelchair for mobility and has a van specially equipped with a ramp.  (Compl. ¶ 1, ECF No. 1.)  He alleges that Defendant owns real property located at 308, 312, and 314 North Brand Boulevard, in Glendale, California.  (*Id.*

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

¶ 3.) Langer claims that in July 2019 he went to eat at Hot Wings Café, Sushi on Brand, and Pho Hut (the "Restaurants"). (*Id.* ¶ 8.) According to Langer, when he visited the Restaurants, they failed to provide wheelchair accessible parking. (*Id.* ¶ 10.) Langer asserts that the lack of accessible parking at the Restaurants denied him access to the Restaurants and deter him from returning in the future. (*Id.* ¶¶ 10, 12–13, 17.) He claims that he will return to the Restaurants to use their services once there is accessible parking. (*Id.* ¶ 17.)

Langer filed this action on June 8, 2020, asserting claims under Title III of the Americans with Disabilities Act ("ADA") and California state law, relating to his visit to the Restaurants in July 2020. (*Id.* ¶ 8.) The Court declined to exercise supplemental jurisdiction over Langer's state law claim and dismissed it without prejudice. (Order Declining Suppl. Jurisdiction 10, ECF No. 12.)

Langer served Defendant with a Summons and the Complaint on June 22, 2020. (Proof of Service, ECF No. 10.) Defendant failed to answer or otherwise respond to the Complaint and Langer requested entry of default on July 17, 2020. (Req. for Entry of Default, ECF No. 14.) The Clerk entered default on July 20, 2020. (Entry of Default, ECF No. 15.) Langer then filed the present Motion on August 21, 2020. (Mot.)

### III.   LEGAL STANDARD

Plaintiffs seeking default judgment must meet certain procedural requirements, as set forth in Federal Rule of Civil Procedure ("Rule") 55 and Central District of California Local Rule ("Local Rule") 55-1. *See* Fed. R. Civ. P. 55; C.D. Cal. L.R. 55-1. Local Rule 55-1 requires that motions for default judgment include: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was

properly served with notice, if required under Rule 55(b)(2). *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014).

Once the procedural requirements are satisfied, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Generally, a defendant's liability is conclusively established upon entry of default by the Clerk, and well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Still, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Rather, the court considers several factors in exercising its discretion, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th. Cir. 1986).

A party who has violated the ADA is liable for attorneys' fees and costs under 42 U.S.C. § 12205. Where, on motion for default judgment, a party seeks attorneys' fees and costs pursuant to a statute, those fees are calculated in accordance with the schedule provided by the Court. C.D. Cal. L.R. 55-3. A court may award attorneys' fees in excess of the schedule when the attorney makes a request at the time of the entry of default. *Id.*

## IV. DISCUSSION

As detailed below, the Court finds that Langer meets the procedural requirements for his Motion. However, the *Eitel* factors do not support granting default judgment.

### A. Procedural Requirements

Langer satisfies the procedural requirements for an entry of default judgment. He states in his Motion and supporting declaration that: (1) default was entered against Defendant on July 20, 2020; (2) default was entered based on the Complaint filed on June 8, 2020; (3) Defendant is not a minor, an incompetent person, or a person in military service; (4) Defendant is not exempt under the Servicemembers Civil Relief Act; and (5) Langer properly served Defendant on August 21, 2020, via first class United States mail. (Mot. 1; Decl. of Faythe Gutierrez ¶¶ 2, 5–6, ECF No. 18–13.) Thus, Langer satisfies the procedural requirements of Local Rule 55-1 and Rule 55. *See Vogel*, 992 F. Supp. 2d at 1006.

### B. *Eitel* Factors

The second and third *Eitel* factors are dispositive here, so the Court begins with them. These two factors, which address the merits of the claims and the sufficiency of the complaint, "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (citing *PepsiCo*, 238 F. Supp. 2d at 1175); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings . . . are not binding and cannot support the judgment."). Although well-pleaded allegations in the complaint are deemed admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning*, 572 F.2d at 1388).

In this case, Langer seeks relief under the ADA. (*See* Compl. ¶¶ 19–25.) To prevail on this claim, Langer must show that: (1) "he is disabled within the meaning of the ADA"; (2) "the defendant is a private entity that owns, leases, or operates a place of public accommodation"; (3) "the plaintiff was denied public accommodations by the defendant because of his disability"; (4) "the existing facility at the defendant's

place of business [or property] presents an architectural barrier prohibited under the ADA"; and (5) removing the barrier is "readily achievable." *Vogel*, 992 F. Supp. 2d at 1007–08 (brackets omitted) (first quoting *Molski v. M.J. Cable Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); and then quoting *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)).

First, Langer alleges that he is a paraplegic and he uses a wheelchair for mobility. (Compl. ¶ 1.) Under the ADA, a "disability" is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists walking as a major life activity. 42 U.S.C. § 12102(2)(A). Thus, Langer has established that he is disabled within the meaning of the ADA.

Second, Langer alleges that Defendant owns real property at 308, 312, and 314 North Brand Boulevard, or is responsible either jointly or as a necessary party for obtaining relief. (Compl. ¶¶ 2–4.) Property owners are charged with ensuring compliance with the ADA. 42 U.S.C. § 12182(a). Nevertheless, Langer fails to assert the Restaurants are located at 308, 312, and 314 North Brand Boulevard. (*See* Compl. ¶¶ 2–3.) Instead, Langer vaguely states that he "went to the property to eat at" the Restaurants without first establishing where the Restaurants are located. (*See id*. ¶¶ 2–3, 8.) Thus, even accepting his allegations as true, Langer fails to establish Defendant owns, leases, or operates places of public accommodation subject to Title III of the ADA.

Third, Langer asserts that when he visited the Restaurants, they failed to provide wheelchair accessible parking. (*Id.* ¶ 10.) "Architectural barriers" are defined by reference to the ADA Accessibility Guidelines (the "ADAAG"). *See Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Relevantly, the public accommodation at issue must provide public parking for a plaintiff to establish that the lack of accessible parking creates an architectural barrier under the ADA. *See* 2010 ADAAG § 208.1 ("Where parking spaces are ***provided***, parking spaces shall be

provided in accordance with [section] 208." (emphasis added)); *see also id.* § 208 (setting forth accessibility requirements for parking spaces). Here, Langer's factual allegations do not establish the fourth element of his ADA claim (i.e., the existence of architectural barriers at the defendant's property). Langer states in conclusory fashion that the Restaurants "failed to provide wheelchair accessible parking," without first establishing that they actually provide public parking. (*See, e.g.*, Compl. ¶¶ 10–12.) Due to Langer's failure to allege that the Restaurants provide public parking, he fails to demonstrate the existence of an architectural barrier under the ADA.

In sum, even accepting the well-pleaded factual allegations in the Complaint as true, Langer fails to state a claim under the ADA. *See Cripps*, 980 F.2d at 1267 ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." (citing *Danning*, 572 F.2d at 1388)). The second and third *Eitel* factors alone demonstrate that default judgment is improper, and the Court need not assess the remaining factors. *See Brooke v. Sunstone Von Karman, LLC*, No. 8:19-cv-00635-JLS (ADSx), 2020 WL 6153107, at *3 (C.D. Cal. Aug. 25, 2020). However, leave to amend is appropriate because Langer's failure to state a claim is based on insufficient allegations which could theoretically be cured. *Id.*

///
///
///
///
///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Langer's Motion for Default Judgment. (ECF No. 18.) The Court accordingly **DENIES** Langer's request for attorneys' fees. The default previously entered against Defendant is hereby **SET ASIDE**. (ECF No. 15.) If Langer chooses to amend his Complaint to address the deficiencies identified herein, any amended complaint must be filed and served within twenty-one (21) days of the date of this Order. Failure to timely amend will result in dismissal of this action.

**IT IS SO ORDERED.**

February 9, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**